UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER VEGA,<br><br>         Plaintiff,<br><br> -against-<br><br>SHINOBI NY LLC d/b/a NINJA NEW YORK RESTAURANT and HARUO YAZAKI,<br><br>         Defendants. | **COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Christopher Vega ("Vega," or "plaintiff") by his attorneys Braverman Law PC, complaining of defendants Shinobi NY LLC ("Shinobi LLC") and Haruo Yazaki ("Yazaki," and together with Shinobi LLC, the "defendants"), alleges:

## NATURE OF THE ACTION

  1. This action is brought to recover misappropriated tips, unpaid minimum wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and section 190 *et seq.* of the New York Labor Law ("NYLL") on behalf of plaintiff Vega.

  2. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid minimum wages, liquidated damages, compensatory damages, misappropriated tips, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## SUMMARY

3. The FLSA and NYLL allow employers of "tipped employees" to apply a "tip credit" and pay their tipped employees at a reduced minimum wage rate. To be eligible to apply a "tip credit" and pay employees at the tipped minimum wage, employers must, among other things, allow employees to keep all the tips that they receive, except with respect to valid tip pools. Improper tip pooling arises when non-tipped employees (i.e., employees who do not perform services directly for customers) participate in a mandatory tip pool.

4. In this case, while plaintiff worked as a server in a sushi restaurant operated by the defendants, non-service bartenders participated in a mandatory tip pool. Though bartenders commonly qualify as a tipped employee position, they did not here because the bartenders did not have any interaction with the diners, and labored out of the view of the customers. Therefore, the defendants are liable to the plaintiff for restitution of the improperly shared tips. In addition, due to the improper tip pool, the defendants were not eligible for the tip credit they took, and they owe plaintiff the balance of the minimum wage for all hours plaintiff worked while he contributed to the tainted tip pool, plus all other damages and costs contemplated by the FLSA and the NYLL.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Vega's claims under the NYLL pursuant to 28 U.S.C. § 1367.

VENUE

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the restaurant operated by defendant Shinobi LLC a/k/a Ninja New York Restaurant ("Ninja New York") that is located in the Southern District of New York.

THE PARTIES

**Plaintiff**

7. Plaintiff Vega resides in Queens, New York.

8. Defendants employed Vega as a food service employee from approximately September 2011 through approximately October 21, 2016, when defendants terminated plaintiff's employment.

9. Plaintiff began his employ for defendants as a bartender. After approximately nine months, he became a server and continued to be employed as a server until his employment ended.

**Defendants**

10. Defendant Shinobi LLC is a New York corporation that owns, operates, and does business as Ninja New York, located at 25 Hudson Street, New York, NY 10013.

11. Defendant Shinobi LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Shinobi LLC is an "enterprise engaged in interstate commerce" within the

meaning of the FLSA.

13. Upon information and belief, Shinobi LLC has annual gross volume of sales in excess of $500,000.

14. Defendant Haruo Yazaki is a person engaged in business in the City of New York, County of New York, who is an owner and/or manager of Defendant Shinobi LLC.

15. Throughout Vega's employment, Defendant Yazaki hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Ninja New York Restaurant. Defendant Yazaki has exercised sufficient control over Nina New York Restaurant's operations to be considered plaintiff's employer under the FLSA and NYLL.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

16. Plaintiff initially started at Ninja New York Restaurant as a bartender.

17. Beginning in approximately July 2012, Vega started working as a server.

18. As a server, Vega was paid the reduced, tipped minimum wage that applicable to tipped employees when employers comply with all legal requirements for enjoying the tip credit. For example, in 2016, he was paid a minimum wage of $7.50 per hour, while in prior years he was paid, upon information and belief, no more than $5.00 an hour.

19. Vega generally worked a full-time schedule (i.e., 40 hours per week), though his hours tapered off during the last year of his employment.

20. Records, if any, concerning the number of hours worked by plaintiff Vega and the actual compensation paid to Vega should be in the possession and custody of the defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth more precise information.

**Defendants' Misappropriation of Tips**

21. Upon information and belief, Ninja New York Restaurant maintained a system in which servers were required to give away a certain percentage of their tips to other workers.

22. During plaintiff Vega's employment as a server, he was required to participate in a tip pool in which over 30% of the tips he received were shared with other employees.

23. For instance, approximately 21% of the tips Vega received was transferred to busboys. The busboys provided service directly to the restaurant's clientele.

24. Plaintiff Vega was also required to give away approximately 12% of his daily tips to non-service bartenders.

25. The bartenders at Ninja New York did not provide service to restaurant customers as commonly occurs in other restaurants.

26. Ninja New York is a theme restaurant, maintaining the décor of an ancient Japanese village. The servers dress in ninja outfits including fake ninja-style weapons. To further the illusion, the food dishes are sometimes set aflame or include dry ice.

27. The bartenders at Ninja New York Restaurant do not play any role in this

fantasy presentation. They have no contact with the customers. They can dress as they want, sometimes even wearing shorts, tank tops etc., and are not required to put on the elaborate costumes worn by the servers. The bar area where the bartenders work is next to the kitchen, and not accessible by the patrons.

28. At all relevant times, the bartenders at Ninja New York did not perform direct customer service and worked outside of the areas generally accessed by the restaurant's patrons.

29. Under Section 196(d) of the NYLL, employers are prohibited from forcing their tipped employees "to share tips with employees who do not perform direct customer service — i.e., employees who are not `busboy[s] or similar employee[s]' and employees who are managers or agents' of the employer." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 240 (2d Cir. 2011) (quoting Section 196-d).

30. Defendants' requirement that servers, such as plaintiff Vega, give a portion of their tips to non-service bartenders violates Section 196(d) of the NYLL.

31. Plaintiff Vega is entitled to disgorgement of any and all gratuities misappropriated by defendants.

32. Because defendants made unlawful deductions from the tips of Plaintiff Vega, defendants are not entitled to reduce the minimum wages of paid to plaintiff by applying the tip credit allowance that is available under the FLSA and the NYLL.

**FIRST CLAIM**
(Fair Labor Standards Act — Unpaid Minimum Wage)

33. Vega repeats and realleges all forgoing paragraphs as if set forth herein.

34. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

6

35. Defendants were required to pay Vega the applicable minimum wage rate for each hour that he worked.

36. Defendants failed to pay Vega the minimum wages to which he was entitled under the FLSA.

37. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff Vega.

38. As a result of defendants' willful violations of the FLSA, plaintiff Vega has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
(New York Labor Law — Unpaid Minimum Wage)

39. Vega repeats and realleges all forgoing paragraphs as if set forth herein.

40. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

41. Defendants failed to pay Vega the minimum wages to which he was entitled under the NYLL.

42. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff Vega minimum hourly wages.

43. As a result of defendants' willful violations of the NYLL, Vega has suffered damages by being denied minimum wages in accordance with the NYLL in

amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

### THIRD CLAIM
(New York Labor Law — Illegal Deductions from Gratuities, NYLL § 196(d))

44. Vega repeats and realleges all forgoing paragraphs as if set forth herein.

45. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages, except for those permitted by law.

46. NYLL § 196(d) prohibits any employer or his agents from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity of any charge purported to be a gratuity for an employee.

47. Upon information and belief, defendants unlawfully misappropriated the gratuities belonging to Vega.

48. Defendants have been agents or officers of a corporation within the meaning of NYLL, Article 6, § 196-d and the supporting NYDOL regulations.

49. By defendants' knowing or intentional demand for, acceptance, and/or retention of gratuities paid by customers of plaintiff Vega, defendants have willfully violated NYLL, Article 6, § 196-d and its supporting NYDOL Regulations.

50. As a result of defendants' willful violations of the NYLL, Plaintiff Vega is entitled to recover from defendants his unpaid wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

    b.    declaring that defendants unlawfully deducted amounts from plaintiff's gratuities, in violation of the NYLL;

    c.    declaring that defendants' violations of the FLSA and NYLL were willful;

    d.    enjoining future violations of the FLSA and NYLL by defendants;

    e.    awarding plaintiff damages for unpaid minimum wages, and unlawfully retained gratuities;

    f.    awarding plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

    g.    awarding plaintiff pre- and post-judgment interest under the NYLL;

    h.    awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    i.    awarding such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          December 30, 2016

                                         BRAVERMAN LAW PC

                                         By: _____
                                               Adam Braverman

                                         450 Seventh Avenue, Suite 1308
                                         New York, New York 10123
                                         Tel.: (212) 206-8166
                                         adam@bravermanlawfirm.com

                                         *Attorneys for Plaintiff*